IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CV-694-BO

| | |
|---|---|
| EUNICE BARNWELL,<br>        Plaintiff,<br><br>v.<br><br>FOOT LOCKER, INC., FOOT LOCKER<br>STORE NO. 7910, and KERG FARRELL<br>in his official capacity,<br>        Defendants. | ) <br> ) <br> ) <br> )     O R D E R <br> ) <br> ) <br> ) <br> ) <br> ) |

This cause comes before the Court on defendants' motion to dismiss plaintiff's amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff, proceeding in this matter *pro se*, has failed to respond to the motion within the time provided. For the reasons that follow, defendants' motion to dismiss is granted in part.

## BACKGROUND

Plaintiff initiated this action by filing a motion to proceed *in forma pauperis* on July 25, 2016, with an attached complaint against Foot Locker, Inc. that alleged violations of Title VII of the Civil Rights Act of 1964. [DE 1]. The motion to proceed *in forma pauperis* was allowed, and plaintiff was ordered to file a particularized complaint. [DE 3]. In her amended complaint, [DE 6], plaintiff alleges claims against Foot Locker, Inc., Foot Locker Store No. 7910, and Kerg Farrell in his official capacity. Plaintiff alleges that her employment at Foot Locker in Fayetteville, North Carolina was terminated because she was a female manager and because of unlawful bias against her as a female.

DISCUSSION

Rule 8 of the Federal Rules of Civil Procedure "requires only a short and plain statement of the claim showing that the pleader is entitled to relief" and which provides "the defendant fair notice of what the claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal quotations, alterations, and citations omitted). A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility means that the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must be dismissed if the factual allegations do not nudge the plaintiff's claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

On April 13, 2016, plaintiff filed a charge with the Equal Employment Opportunity Commission (EEOC). [DE 1-1]. In her EEOC charge, plaintiff indicated that she was discriminated against on the basis of her sex and retaliation. In her narrative statement, plaintiff alleged that she was discharged on March 24, 2016, from her employment and at the time she was discharged she held the position of manager trainer. Plaintiff alleged that she believes she was discharged because approximately two years earlier she had reporter a co-worker she had observed sexually harassing another female employee. Plaintiff alleges that she also believed that Kerg

2

Farrell did not want her to be general manager. The EEOC dismissed plaintiff's charge and notified plaintiff of her right to sue on April 25, 2016.

First, the Court finds that plaintiff timely initiated this action by the filing of a motion to proceed *in forma pauperis* on July 25, 2016. The ninety-day limitations period begins to run on the date of receipt, actual or constructive, of the EEOC's right-to-sue letter. *See Watts-Means v. Prince George's Family Crisis Ctr.*, 7 F.3d 40, 42 (4th Cir. 1993). Ninety-days from the date of the EEOC's letter expired on Sunday July 24, 2016, and plaintiff initiated this action on the first business day thereafter, Monday July 25, 2016. *See* Fed. R. Civ. P. 6(a); *Banner v. Morris*, No. 1:05CV01156, 2006 WL 2569080, at *1 (M.D.N.C. Aug. 30, 2006) (Saturday, Sunday, and court holidays not counted for purposes of ninety-day deadline); *see also Yelverton v. Blue Bell, Inc.*, 530 F. Supp. 701, 702 (E.D.N.C. 1982) (limitations period tolled on filing of motion to proceed *in forma pauperis*); *Nobles v. North Carolina*, No. 5:07-CV-381-F(2), 2008 WL 2037417, at *3 (E.D.N.C. May 12, 2008) (same). Further, plaintiff has not stated the date on which she received her right-to-sue letter, and the Court may thus presume that she received it three days later, on April 28, 2016. *See Dixon v. Digital Equip. Corp.*, 976 F.2d 725 (4th Cir. 1992) (unpublished); *Taylor v. Potter*, 355 F. Supp. 2d 817, 819 (M.D.N.C. 2005). Plaintiff's initiation of this action on July 25, 2016, was therefore plainly within the limitations period.

Parties may pursue claims of discrimination under Title VII against their employers alone, and not against individual employees or supervisors as they are not "employers" as that term is defined by the statute. *Lissau v. Southern Food Service, Inc.*, 159 F.3d 177, 180 (4th Cir. 1998); *Lane v. Lucent Techs., Inc.*, 388 F. Supp. 2d 590, 595 (M.D.N.C. 2005). Plaintiff has named defendant Farrell in his official capacity; however, because Farrell was not her employer, the Court finds that her Title VII claim may not proceed against Farrell, whether in his individual or official

3

capacity and he is properly dismissed. *Taguinod v. Amazon.com, Inc.*, No. 3:16CV869-HEH, 2016 WL 7319685, at *4 (E.D. Va. Dec. 15, 2016). Plaintiff has failed to rebut defendants' argument that Foot Locker Store No. 7910 was also not plaintiff's employer, and this defendant is also dismissed.

A plaintiff may proceed to file an employment discrimination action in the federal courts only after a charge has been filed with the EEOC. "Only those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent . . . lawsuit." *Evans v. Techs. Application & Svc. Co.*, 80 F.3d 954, 963 (4th Cir. 1996). Failure to exhaust administrative remedies by filing an EEOC charge serves to deprive the federal courts of subject matter jurisdiction over such claims. *Jones v. Calvert Group, Ltd.*, 551 F.3d 297, 300 (2009). While courts typically construe the administrative charges liberally, "a claim in formal litigation will generally be barred if the EEOC charge alleges discrimination on one basis, such as race, and the formal litigation claim alleges discrimination on a separate basis, such as sex." *Id.*

Defendants argue that, although plaintiff indicated in her EEOC charge that she was discriminated against on the basis of her sex, the narrative section of her charge recites facts related only to a retaliation claim, and that her complaint thus exceeds the scope of her EEOC charge. The Court is not persuaded. First, as defendants note, plaintiff did indicate on her charge that she was discriminated against on the basis of her sex. Second, her narrative statement recites that she believed that Mr. Farrell did not want her to be a general manager. While the narrative section of plaintiff's EEOC charge does not go into great detail as to why Mr. Farrell did not want plaintiff to be promoted, plaintiff's claim for sex discrimination raised in her complaint is reasonably related to the claims in her EEOC charge and would be developed by reasonable investigation into

the original complaint. The Court therefore concludes that it has subject matter jurisdiction over plaintiff's sex discrimination claim.

Defendants' remaining arguments relate to the proper party defendants. Plaintiff has named Foot Locker, Inc. and Foot Locker Store No. 7910 as defendants. As discussed above, only plaintiff's employer may be held liable under Title VII, and only the respondent named in the charge can be named in a subsequent civil action. *Causey v. Balog*, 162 F.3d 795, 800 (4th Cir. 1998) (noting that the purpose of this requirement is to put the charged party on notice of the complaint). However, where "the purposes of the naming requirement were substantially met," *Vanguard Justice Soc. Inc. v. Hughes*, 471 F. Supp. 670, 687 (D. Md. 1979), a subsequent action against a different party need not be barred. *See also Tietgen v. Brown's Westminster Motors, Inc.*, 921 F. Supp. 1495, 1498 (E.D. Va. 1996) ("Fourth Circuit has read the technical naming requirement of 42 U.S.C. § 2000e–5(f)(1) to allow Title VII plaintiffs to sue parties not named in an administrative charge where the unnamed party is 'functionally identical' to a named party."). Accordingly, so long as the defendant has received fair notice and the EEOC was able to attempt conciliation with the proper parties, subsequent suit against a party not identified in the EEOC charge may be permitted. *See, e.g., Polite v. Spherion Staffing, LLC*, No. 2:14-CV-4756 DCN JDA, 2015 WL 1549050, at *2 (D.S.C. Apr. 7, 2015).

In her EEOC charge, plaintiff names "Foot Locker" as the respondent. The dismissal and notice of suit rights filed by the EEOC was mailed to the senior vice president and chief human resources officer of Foot Locker, Inc. Plaintiff has named Foot Locker, Inc. as defendant in this action. The Court finds that plaintiff's claims against her employer should not be barred because she named Foot Locker in her EEOC charge, as Foot Locker, Inc. clearly had notice of plaintiff's charge and was able to participate in the conciliation process with the EEOC.

As to defendants' argument Foot Locker, Inc. did not employ plaintiff and that Foot Locker Retail, Inc. is the proper party defendant, the Court has determined that dismissal on this basis is not warranted. Indeed, "the Fourth Circuit has long held the tendency toward leniency is particularly strong in cases where the defendant has either received actual notice of the pendency of the action, or is unable to demonstrate any prejudice from a delay in service." *Crespo v. Mortg. Elec. Registration Sys., Inc.*, No. 116CV00043MOCDLH, 2017 WL 1190381, at *4 (W.D.N.C. Mar. 29, 2017). Accordingly, the Court will provide plaintiff with an opportunity to amend her complaint to name the proper party defendant.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss [DE 9] is GRANTED IN PART and DENIED IN PART. Defendants Farrell and Foot Locker Store No. 7910 are DISMISSED. Plaintiff is permitted through and including June 15, 2018, to file a second amended complaint naming the proper party defendant. The clerk shall, with service of this order, provide to plaintiff a blank summons form to be completed by plaintiff and returned to the clerk for issuance and service by the U.S. Marshals Service in accordance with Fed. R. Civ. P. 4. *See* [DE 3]. Failure to comply with this order by filing an amended complaint and returning summons for issuance will result in dismissal of this action.

SO ORDERED, this 29 day of May, 2018.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE