IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CV-694-BO

| | |
|---|---|
| EUNICE BARNWELL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) )    O R D E R |
| FOOT LOCKER RETAIL, INC., | ) ) ) |
| Defendant. | ) |

This matter is before the Court on defendant's motion for sanctions. [DE 32]. The motion has been fully briefed and is ripe for disposition. For the reasons that follow, defendant's motion for sanctions [DE 32] is GRANTED and the case is DISMISSED.

## BACKGROUND

Plaintiff, proceeding *pro se*, initiated this action in July 2016, alleging violations of Title VII of the Civil Rights Act of 1964. In particular, plaintiff alleges that in March 2016 she was terminated from her position at Foot Locker in Fayetteville, North Carolina on the basis of her gender. In May 2018, the Court partially dismissed plaintiff's claims, but permitted her claims against defendant Foot Locker to proceed. [DE 15]. A scheduling order was entered and defendant served its first round of interrogatories and requests for production on September 24, 2018. [DE 27-1]. Plaintiff failed to provide any discovery responses by the October 24, 2018 deadline. In March 2019, defendant moved to compel plaintiff's discovery responses. [DE 26]. On April 22, 2019 the Court granted the motion to compel, ordering plaintiff to provide discovery responses by May 3 or risk "sanctions against her up to and including dismissal of her Complaint." [DE 31].

By May 13, plaintiff still had not complied with the Court's order and provided discovery responses, so defendant filed the instant motion for sanctions. [DE 32]. In particular, defendant requests that the Court dismiss plaintiff's Second Amended Complaint under Federal Rule of Civil Procedure 37(b)(2)(A) for failure to comply with a court order compelling discovery. *Id.* Plaintiff has responded in opposition, simply asserting that she "had a copy of the discovery and also her Tax Returns for the request years at the deposition on May 6, 2019" but didn't provide them because defendant "didn't specifically ask for the documents at the time." [DE 34].

## DISCUSSION

Defendant has moved for sanctions under Federal Rule of Procedure 37(b)(2)(A). The Rule provides that if a party "fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders." Fed. R. Civ. P. 37(b)(2)(A). Rule 37 then provides a list of seven possible sanctions, including "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v); *see also Riggins v. Steel Techs.*, 48 F. App'x 460, 462 (4th Cir. 2002) ("Rule 37 permits a court to impose sanctions, including dismissal of a case with prejudice, if a party fails to comply with a discovery order."). Prior to dismissing an action under Rule 37, a court must consider (1) whether there has been bad faith on the part of the non-complying party, (2) the amount of prejudice the non-compliance has caused the other party, (3) the need for deterrence of this sort of non-compliance, and (4) whether less drastic sanctions would be effective. *Mut. Fed. Sav. & Loan Ass'n v. Richards & Associates., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989). A district court enjoys wide discretion in determining whether to issue sanctions under Rule 37. *See, e.g., S. States Rack And Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 595 (4th Cir. 2003).

The Court, in its discretion, finds that dismissal with prejudice is warranted in these circumstances. Plaintiff's *pro se* status does not excuse her from the duty to comply with this Court's orders and the Federal Rules of Civil Procedure. She has had ample opportunity to provide discovery, including interrogatory responses and documents responsive to defendant's requests for production, and she has not done so. Plaintiff's failure to comply with this Court's April 22 order directing her to provide discovery responses by May 3, despite being explicitly warned that the failure to comply could result in dismissal, demonstrates bad faith and has significantly prejudiced defendant as the discovery period draws to a close. There is a clear need for deterrence in circumstances such as these and no other sanction would be as effective in this situation as dismissal. Under Rule 37(b)(2)(A), dismissal is warranted in this case.

As such, the Court finds that plaintiff must be sanctioned for acting in bad faith and failing to comply with a court order and that dismissal is the appropriate sanction. Defendant's motion is granted and the case is dismissed with prejudice.

## CONCLUSION

For the above reasons, defendant's motion for sanctions [DE 32] is GRANTED and the case is DISMISSED.

SO ORDERED, this 5 day of June, 2019.

*Terrence Boyle*
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE

3